FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  les.osborne@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 12-01133-01 LEK |
| | ) | |
| Plaintiff, | ) | RESPONSE TO DEFENDANT'S REPLY |
| | ) | TO GOVERNMENT'S MEMORANDUM IN |
| vs. | ) | OPPOSITION TO MOTION FOR |
| | ) | CHANGE OF VENUE; CERTIFICATE |
| MARC HUBBARD,     (01) | ) | OF SERVICE |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

RESPONSE TO DEFENDANT'S REPLY TO GOVERNMENT'S
MEMORANDUM IN OPPOSITION TO MOTION FOR CHANGE OF VENUE

Comes now the United States of America, who by and through this response, continue their opposition to Defendant MARC HUBBARD's motions for change of venue.  This response is based upon the files and pleadings in this case, earlier argument, and any additional argument the Court may entertain.

ARGUMENT

I.   <u>Publicity</u>

The Defendant continues to argue that venue should be changed because of publicity in this case and totally ignores Ninth Circuit and Supreme Court law on this issue, as well as the Court's earlier indication of a possible ruling.  More recent court decisions make it abundantly clear that voir dire, if done well, is a valid and perhaps the best way to protect a defendant from any damage publicity might present to a court proceeding.  <u>Skilling</u> and <u>Hayes</u>, <u>infra</u>.

The record is entirely bereft of any pleading or exhibit suggesting that the community has been prejudiced as to Marc Hubbard, except his unsupported allegation.  As noted before, the articles in the press that occurred shortly after the crime in this case were aimed primarily at the University of Hawaii and its employees.  The Defendant has failed to show even one newspaper article that would support his claim of prejudice against this defendant.

In 2010, the Supreme Court of the United States in <u>Skilling v. United States</u>, 561 U.S.358, 130 S.Ct. 2896, found in deciding the case, which involved a matter that had received searing pretrial publicity, that the district court's decision to deny a motion for change of venue on the basis of pretrial publicity should be upheld. The Supreme Court found that the defendant had failed to establish

a presumption of juror prejudice or that actual bias infected the jury that tried him.  In Skilling, the court carefully distinguished Riedau v. Lousiana, 373 U.S. 723, 83 S.Ct. 1417.  The court said, Riedau and its brethren "cannot be made to stand for the proposition that juror exposure to … news accounts of the crime … alone presumptively deprived the defendant of due process" and cited Murphy v. Florida, 421 U.S. 794, 798-799, 95 S.Ct. 2031 44 L.Ed.2d 589, in support of their conclusion.

> The Supreme Court said in Skilling that:
>
> (1)  No hard-and-fast formula dictates the necessary depth or breadth of *voir dire*.  Jury selection is 'particularly within the province of the trial judge.'  Ristaino v. Ross, 424 U.S. 589, 594-595, 96 S.Ct. 1017, 47 L.Ed.2d 258.  When pretrial publicity is at issue, moreover, 'primary reliance on the judgment of the trial court makes [especially] good sense' because the judge 'sits in the locale where the publicity is said to have had its effect' and may base her evaluation on her 'own perception of the depth and extent of news stories that might influence a juror.'  Mu'Min v. Virginia, 500 U.S. 415, 427, 111 S.Ct. 1999, 114 L.Ed.2d 493.  The [appellate] Court considers the adequacy of jury selection in Skilling's case attentive to the respect due to district-court determinations of juror impartiality and of the measures necessary to ensure that impartiality.

Skilling, 130 S.Ct. at 2902.

Recently, the Ninth Circuit in Royal Kenneth Hayes v. Robert L. Ayers, 632 F.3d 500 (2011), held:

2

>     (1)  negative pretrial publicity did not raise a presumption of prejudice requiring change of venue;
> 
>     (2)  the jury was not actually prejudiced against defendant;

Id. at 500.

>     In this circuit [the ninth], we have identified 'two different types of prejudice in support of a motion to transfer venue: presumed or actual.' Unites States v. Sherwood, 98 F.3d 402, 410 (9th Cir. 1996). Interference with a defendant's fair-trial right 'is presumed when the record demonstrates that the community where the trial was held was saturated with prejudicial and inflammatory media publicity about the crime.' Harris, 885 F.2d at 1361. Actual prejudice, on the other hand, exists when voir dire reveals that the jury pool harbors 'actual partiality or hostility [against the defendant] that [cannot] be laid aside.' Id. at 1363. The Supreme Court applied this two-pronged analytical approach in a case it decided at the end of its last term. See Skilling v. United States, 561 U.S. ____, 130 S.Ct. 2896, 2907, 177 L.Ed.2d 619 (2010) (considering, first, whether pretrial publicity and community hostility established a presumption of juror prejudice, and then whether actual bias infected the jury).
>
>     Skilling illuminates and synthesizes the earlier Supreme Court decisions upon which Hayes relies. It makes plain that neither presumed prejudice nor actual prejudice arising from news coverage and popular sentiment in Santa Cruz County entitled Hayes to a change of venue.

Hayes at 508.

Clearly, the Supreme Court's decision in Skilling, supra, and the Ninth Circuit opinion in Hayes, supra, make it clear that the defendant in this case has no basis to argue for a change of venue based on pretrial publicity.

Contrary to the Defendant's position, voir dire can be a complete cure for any allegations of prejudice arising from negative or hostile press coverage as set out in both Hayes and Skilling, supra:

> Where circumstances are not so extreme as to warrant a presumption of prejudice, we must still consider whether publicity and community outrage resulted in a jury that was actually prejudiced against the defendant. This inquiry focuses on the nature and extent of the voir dire examination and prospective jurors' responses to it. *See* Skilling, 130 S.Ct. at 2917–23. Our task is to 'determine if the jurors demonstrated actual partiality or hostility [toward the defendant] that could not be laid aside.' Harris, 885 F.2d at 1363.
>
> Even where a prospective juror displays some prior knowledge of the facts and issues involved in a case, it is his ability to 'lay aside his impression or opinion and render a verdict based on the evidence presented in court' that is crucial. Irvin, 366 U.S. at 723, 81 S.Ct. 1639. We may give 'little weight," *id.* at 728, 81 S.Ct. 1639, to a prospective juror's assurances of impartiality 'where the general atmosphere in the community or courtroom is sufficiently inflammatory.' Murphy, 421 U.S. at 801, 95 S.Ct. 2031. But, as explained above, the circumstances surrounding Hayes's trial were 'not at all of that variety.' *Id.* Voir dire confirmed that the 'largely factual' news coverage in this case was mostly forgotten, or

> disregarded, by the time Hayes's jury was selected. *See id.*
>
> This case is 'worlds apart' from Irvin, where actual prejudice mandated a change of venue. *See* Skilling, 130 S.Ct. at 2921. The 'barrage' of publicity 'unleashed against [the defendant]' in Irvin was described in Skilling as having included 'reports of his confessions to the slayings and robberies … delivered regularly to 95% of the dwellings in the county where the trial occurred, which had a population of only 30,000.' *Id.* at 2921-22 (internal quotation marks omitted). In Irvin:
>
>> the pattern of deep and bitter prejudice in the community was clearly reflected in the sum total of the voir dire: 370 prospective jurors or almost 90% of those examined on the point … entertained some opinion as to guilt, and 8 out of the 12 jurors thought Irvin was guilty.
>
> Skilling, 130 S.Ct. at 2922 (quoting Irvin, 366 U.S. at 727, 81 S.Ct. 1639)(internal quotation marks and alterations omitted). There is no evidence here that any member of the empaneled jury was influenced by press coverage, let alone convinced by it that Hayes was guilty.

Hayes at 510-512.

In our case, voir dire should lay to rest any possible claim of prejudice.

5

II. <u>The Defendant's Inconvenience of the Parties' Argument</u>

There are no facts that would support a change of venue for convenience of the parties set out in Defendant's pleadings.

   A. <u>The Witnesses</u>

The government will call numerous fact witnesses during the trial who reside in the States of Hawaii or California. A brief description of their testimony is set forth here:

1. An individual who signed the subject contract with the Defendant's representatives;

2. An individual who attempted to assist the Defendant in booking Stevie Wonder for the University of Hawaii (UH) performance after Defendant had already received and spent the concert money;

3. A high-ranking representative of the university who spoke directly to Defendant about the Stevie Wonder concert;

4. Stevie Wonder's agent who also spoke to Defendant about the concert;

5. A potential expert witness who will testify about the proper way to book a Stevie Wonder concert in the State of Hawaii;

6. The widow of the now deceased concert promoter who will introduce relevant business records into evidence, or alternatively, an attorney for that same purpose;

7. An employee of the UH concert venue who will testify about ticketing preparations and arrangements for the concert;

8. Another individual who lives in California who attempted to assist Defendant in booking Stevie

6

      Wonder after the Defendant had received and spent the concert money;

 9. An employee of the university who will establish the interstate nature of the case;

 10. A victim who lost $60,000 on investing in the bogus UH concert and wired money to Defendant's co-conspirator;

 11. A second individual who solicited money for the concert based upon the representations made by the Defendant's co-conspirator;

 12. A resident of California who attempted to assist Defendant in booking the Stevie Wonder concert after the Defendant had already received and spent the concert money and had multiple telephone conversations with the Defendant;

 13. A former UH official who will testify about consensual recordings and conversations concerning the concert;

 14. An FBI case agent who will provide summary testimony;

 15. A resident of San Francisco, California who in the capacity of a forensic accountant will testify about the financial analysis showing the theft of the UH funds.

Obviously, all of these witnesses would be inconvenienced if trial was moved to the East Coast and the expense to the taxpayer would be greatly violated.

 B. <u>Legal Standards for a Change of Venue for Convenience of the Parties</u>

Federal Rule of Criminal Procedure 21(b) provides that "[u]pon a defendant's motion, the court <u>MAY</u> (emphasis added) transfer the proceeding … against that defendant to another district for the

7

convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b).

The Defendant has not shown how trial in Hawaii would create an excessive burden. The burden is on the defendant to show that transfer should be granted. *See* In re United States, 273 F.3d 380, 389 (3d Cir. 2001). With that said, however, "the defendant is not required to show 'truly compelling circumstances for … change … [of venue, but rather that] all relevant things considered, the case would be better off transferred to another district.'" *Id.* (quoting In re Balsimo, 68 F.2d 185, 187 (7th Cir. 1995) (alterations in original)). Whether to grant the motion rests with "the sound discretion of the trial court." United States v. Testa, 548 F.2d 847, 856 (9th Cir. 1977).

In exercising its discretion, the Court should consider a number of factors including the: (1) location of the defendant(s); (2) location of the possible witnesses; (3) location of the events likely to be at issue; (4) location of relevant documents and records; (5) potential for disruption of the defendant's businesses if transfer is denied; (6) expenses to be incurred by the parties if transfer is denied; (7) location of defense counsel; (8) relative accessibility of the place of trial; (9) docket conditions of each potential district; and (10) any other special circumstance that might bear on the desirability of transfer. *See* Platt v. Minn.

Mining & Mfg. Co., 376 U.S. 240, 243-44 (1964)). Although the Ninth Circuit has not engaged these factors in depth, other circuits have explained that none of these considerations is dispositive and that the court must instead "try to strike a balance and determine which factors are of greatest importance." United States v. Maldonado-Rivera, 922 F.2d 934, 966 (2nd Cir. 1990); *see* United States v. Morrison, 946 F.2d 484, 490 n.1 (7th Cir. 1991). "Some degree of inconvenience is inevitable (in every trial), and the court must consider both the defendant's and the government's inconvenience." Testa, 548 F.2d at 857.

    C.    Application

        The Ninth Circuit has said in United States v. Testa, 548 F.2d 847 (1977):

> While Rule 21(b) contemplates minimization of inconvenience to the defense, it has been recognized that some degree of inconvenience is inevitable, and that the government's inconvenience must be considered as well.

        An analysis of the "Platt" factors mandate trial in Hawaii.

CONCLUSION

For all the reasons set forth above, the Defendant's renewed motion for change of venue should be denied.

DATED: November 25, 2013, at Honolulu, Hawaii.

                Respectfully,

                FLORENCE T. NAKAKUNI
                United States Attorney
                District of Hawaii


                By /s/ Leslie E. Osborne, Jr.
                   LESLIE E. OSBORNE, JR.
                   Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served electronically through CM/ECF:

| | |
|---|---|
| WILLIAM A. HARRISON, ESQ.<br>wharrison@hamlaw.net | November 25, 2013 |
| JOHN SCHUM, ESQ.<br>john@johnschumlaw.com | November 25, 2013 |

Attorneys for Defendant
MARC HUBBARD

DATED:  Honolulu, Hawaii, November 25, 2013.

/s/ Janice Tsumoto