FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
Telephone: 541-2850
Facsimile: 541-2958
E-mail: Les.Osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 12-01133-01 LEK |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MOTION FOR LEAVE TO |
| | ) | TAKE ORAL DEPOSITION; CERTIFICATE |
| vs. | ) | OF SERVICE |
| | ) | |
| MARC HUBBARD,    (01), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

GOVERNMENT'S MOTION FOR LEAVE TO TAKE ORAL DEPOSITIONS

The United States of America, by and through its

counsel of record, Florence T. Nakakuni, United States Attorney,

District of Hawaii, and her representative, Leslie E. Osborne,

Jr., hereby move this Court for leave to take the videotaped

and/or oral deposition of Helen Williams, a British subject, and

a resident of the Island of Mallorca, Spain.

Federal Bureau of Investigation (FBI) Special Agent Thomas Simon interviewed Ms. Williams, according to Agent Simon:

1.   Ms. Williams has indicated her willingness to testify at the trial of Defendant MARC HUBBARD, but is currently unable to travel due to her responsibility for the care of her terminally ill mother and the maintenance of her own family on the Island of Mallorca.

2.   Ms. Williams operates a concert promotion business called Elite Artist Live from her residence on Mallorca.

3.   In 2012, Ms. Williams was contacted by Honolulu concert promoter, Bob Peyton, about arranging for a Stevie Wonder concert at the University of Hawaii (UH).

4.   Shortly after the initial contact, Ms. Williams began working with Sean Barriero (Defendant's co-defendant) who resides in Florida to see if he could help book the Stevie Wonder UH concert.

5.   During their joint efforts, Barriero told Ms. Williams that his associate, the now Defendant Marc Hubbard, had a connection with Stevie Wonder's management group and could assist in booking the UH show.

6.   Throughout the negotiations for the concert, Ms. Williams believed she was acting as the conduit for communications between Hubbard/Barriero and Peyton/UH.

2

7.    While the negotiations for the Stevie Wonder concert were in progress, Ms. Williams received the following payments for her efforts:  $8,750 on May 29, 2012 and $11,250 on or about June 26, 2012.

8.    After UH put the Stevie Wonder concert tickets on sale, Ms. Williams became aware that a controversy had arisen concerning the concert.  Ms. Williams contacted the Defendant MARC HUBBARD by telephone and during that conversation, Ms. Williams asked Defendant HUBBARD where the UH money was. The Defendant MARC HUBBARD told Ms. Williams that, "management" had the money.  Ms. Williams asked Defendant HUBBARD for a specific name of an individual who could be contacted concerning the current status of the money.  Defendant HUBBARD responded, "I have it all under control.  Stop panicking."

This information is of great significance in the U.S. v. Hubbard proceeding, and the jury should have an opportunity to consider it.  In view of that, the United States request that the Court order a deposition to take place in Spain or, alternatively, through some form of video conference that might be arranged pursuant to Rule 15 of the Federal Rules of Criminal Procedure.

Rule 15 depositions are reserved for exceptional circumstances in the interest of justice and the burden of proof

in securing such a deposition lies with the moving party.
United States v. Zuno-Arce, 44 F.3d 1420 (9th Cir. 1995).
Factors to be considered include whether the proposed deponent
will be available and willing to testify and when the deposition
is to be in a foreign location whether the safety of the parties
would be an issue.  United States v. Olafson, 201 F.3d 560 (9th
Cir. 2000).  In this case, the deponent is willing to cooperate
and there is no indication of any danger to any party.  Indeed,
arrangements could be made for any court ordered deposition to
take place in the United States consulate or some other safe
location.

        In addition, the Court should be aware that there is a
possibility the arrangements for a foreign deposition may not be
completed by the time of the present trial date, March 11, 2014.
The United States will make every effort to complete any
deposition in a timely fashion and hopefully prior to the
present trial date.  However, the Speedy Trial Act provides a
specific provision authorizing additional time to complete any
court-ordered deposition.  18 U.S.C. 3161(h)(8).

        It is anticipated that these pleadings will be
augmented by a confirming Email from Ms. Williams.  In view of
//

//

//

4

Ms. Williams' citizenship and residence, there is no way to

compel her attendance at a trial in the United States.

DATED:   December 4, 2013, at Honolulu, Hawaii.

Respectfully submitted,

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii


By /s/ Leslie E. Osborne, Jr.
   LESLIE E. OSBORNE, JR.
   Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the dates and by the methods of service noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served electronically through CM/ECF:

WILLIAM A. HARRISON, ESQ.          December 4, 2013
wharrison@hamlaw.net

JOHN SCHUM, ESQ.                   December 4, 2013
john@johnschumlaw.com

Attorneys for Defendant
MARC HUBBARD


Rowena Kang