IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,     )     CR. NO. 12-01133 LEK-01
                              )
            Plaintiff,        )
                              )
      vs.                     )
                              )
MARC HUBBARD,                 )
                              )
            Defendant.        )
                              )
_____  )

**ORDER DENYING DEFENDANT MARC HUBBARD'S MOTION TO RECUSE THE
HONORABLE LESLIE E. KOBAYASHI (ECF No. 367)**

## I.    PROCEDURAL HISTORY

On November 7, 2012, the grand jury returned an Indictment charging Defendant Marc Hubbard with one count of wire fraud in violation of 18 U.S.C. § 1343.  (Indictment, ECF No. 1).

On December 29, 2015, the grand jury returned the First Superseding Indictment, charging Defendant Marc Hubbard with two counts of wire fraud in violation of 18 U.S.C. § 1343.  (ECF No. 197).

On October 4, 2016, Defendant pled guilty to Count 2 in the First Superseding Indictment pursuant to a Memorandum of Plea Agreement.  (ECF No. 230).

On February 21, 2018, Defendant filed a Motion to Withdraw his guilty plea.  (ECF No. 278).

On March 19, 2018, a hearing was held on Defendant's Motion to Withdraw.  (ECF No. 290).  Defendant's Motion to Withdraw was denied.  (Id.)

1

On April 6, 2018, a sentencing hearing was held.  (ECF No. 296).  Defendant was sentenced to 57 months imprisonment as to Count 2 in the First Superseding Indictment.  (Id.)  The Government made an oral motion to dismiss Count 1 in the First Superseding Indictment, which was granted.  (Id.)

On April 23, 2018, Defendant filed a Notice of Appeal to the Ninth Circuit Court of Appeals. (ECF No. 309).

On October 28, 2019, the Ninth Circuit Court of Appeals dismissed Defendant's appeal, finding that the waiver of his right to appeal in his plea agreement was valid and enforceable. (ECF No. 345).

On December 19, 2019, the mandate was issued by the Ninth Circuit Court of Appeals.  (ECF No. 347).

On November 24, 2020, Defendant filed a Motion to Vacate his Conviction and Sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Hawaii.  (ECF No. 348).

While the Section 2255 Motion was pending, on December 17, 2021, Defendant filed a Motion to Recuse the Honorable Leslie E. Kobayashi.  (ECF No. 367).

On December 20, 2021, Judge Kobayashi construed Defendant's Motion as made, in part, pursuant to 28 U.S.C. § 144, and referred the Motion to Chief District Judge J. Michael Seabright for assignment. (ECF No. 368).

Also on December 20, 2021, Chief District Judge Seabright

assigned the Motion to Recuse to another Federal District Judge for decision.  (ECF No. 369).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## II.  **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Pursuant to 28 U.S.C. § 455(a), a judge shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned.

Both a Section 144 recusal motion and a Section 455 recusal motion require the same objective inquiry: whether a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might reasonably be questioned.  United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012); United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983).

## III.  ANALYSIS

As an initial matter, Defendant Hubbard is proceeding pro se and his pleadings are liberally construed.  Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

### A.    Defendant's Recusal Motion Is Untimely

Even liberally construed, Plaintiff's Motion to Recuse is untimely.

A motion to recuse pursuant to 28 U.S.C. § 144 must be filed at the earliest possible moment after obtaining the facts demonstrating bias for recusal.  United States v. Bell, 79 F.Supp.2d 1169, 1172 (E.D. Cal. 1999).  A recusal motion made after entry of judgment is presumptively untimely.  E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1295 (9th Cir. 1992).

While 28 U.S.C. § 455 does not contain an explicit requirement of timeliness, it is well established that a motion to recuse a judge under both Section 144 and Section 455 must be made in a timely fashion.  Molina v. Rison, 886 F.2d 1124, 1131 (9th Cir. 1989) (finding a recusal motion untimely when made eight years after conviction despite awareness of grounds for recusal at the pretrial stage).

Proceedings began in this case in November 2012 when the grand jury returned the Indictment against Defendant Hubbard. (ECF No. 1).  Judgment was issued on April 9, 2018.  (ECF No.

4

299).

On December 17, 2021, more than nine years after proceedings
commenced and more than three years after Judgment was entered,
Defendant Hubbard filed the Motion to Recuse Judge Kobayashi.
(ECF No. 367).

The purported factual basis for Defendant's recusal Motion
is Defendant's claim that Judge Kobayashi "concealed" that she
had been a Professor at the University of Hawaii and that she had
relatives who attended the University of Hawaii.  Defendant
asserts Judge Kobayashi's former affiliation with the University
affected her impartiality because the crime for which Defendant
Hubbard pled guilty involved fraud upon the University of Hawaii.

Judge Kobayashi never concealed that she previously had
taught at the University of Hawaii.  This information has been
publicly available since she became a District Judge in 2010.  It
was published when she became a District Judge in the
Biographical Directory of Federal Judges maintained by the
Federal Judicial Center.  See fjc.gov/history/judges/kobayashi-
leslie-emi (last visited Jan. 24, 2022).  It has also been
included in Judge Kobayashi's Biography on the website for the
United States District Court for the District of Hawaii.  See
hid.uscourts.gov/docs/bios/LEK Bio.pdf (last visited January 24,
2022).  Her Biography explains that she was an adjunct professor
at the William S. Richardson School of Law from 2000 to 2002.

Defendant's Motion to Recuse is untimely as the factual

basis for his Motion occurred more than ten years before proceedings began and was publicly available at the time.  United States v. Rogers, 119 F.3d 1377, 1382-83 (9th Cir. 1997) (finding post-judgment disqualification motion was untimely where facts supporting motion were available prior to sentencing).  Defendant's Motion to Recuse Judge Kobayashi, which was filed more than three years after Judgment was entered, is untimely.

Defendant Hubbard has not established good cause for the delay in filing the recusal motion.  Bond v. Azar, 2021 WL 2981583, *1-*2 (D. Ariz. July 15, 2021).

Defendant's Motion to Recuse (ECF No. 367) is **DENIED as untimely**.

## B.   There Is No Basis To Find That Judge Kobayashi's Impartiality Might Reasonably Be Questioned

The Court construes Defendant's pro se Motion liberally and finds that the Motion argues two premises for recusal of Judge Kobayashi.

First, Defendant asserts that Judge Kobayashi holds a personal bias or prejudice against him.  Defendant cites to the rulings of Judge Kobayashi at sentencing to support his claim of personal bias.  Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  Liteky v. United States, 510 U.S. 540, 555 (1994).  An alleged bias must usually stem from an extrajudicial source.  United States v. Hernandez,

109 F.3d 1450, 1453 (9th Cir. 1997).  Opinions formed by the judge on the basis of the facts introduced or events occurring in the course of the proceedings do not constitute a basis for a bias or partiality motion unless they display a "deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555.  No such evidence exists here.

There is no evidence to support Defendant's claim that Defendant Kobayashi holds deep-seated antagonism, personal bias, or prejudice against him.  The record reflects that Defendant received a sentence at the low end of the sentencing guidelines. (Presentence Report at p.45, ECF No. 295; Judgment, ECF No. 299). Defendant appealed Judge Kobayashi's ruling, including his conviction and sentence, to the Ninth Circuit Court of Appeals. (Memorandum Opinion of the Ninth Circuit, ECF No. 345).  The appeal was dismissed.  (Id.)

Judge Kobayashi's findings at sentencing and rulings against the Defendant are insufficient to support recusal.  Liteky, 510 U.S. at 555.

Second, Defendant argues that Judge Kobayashi was biased against him due to her prior employment with the University of Hawaii more than ten years prior to the Indictment.  Defendant's contention does not support recusal.  There is no evidence that Judge Kobayashi maintained any financial or other personal relationship with the University of Hawaii during the proceedings

7

in this case such that an objective person might reasonably question her impartiality.  Defendant's speculation and beliefs to the contrary do not support recusal.  <u>Clemens v. U.S. Dist. Ct. for Central Dist. of Cal.</u>, 428 F.3d 1175, 1178 (9th Cir. 2005) (explaining that rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters are not enough to merit recusal).

The more insignificant the relationship and the greater the temporal distance between contacts, the less likely it is a judge's impartiality can reasonably be questioned.  <u>United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.</u>, 2008 WL 169636, *5 (D. Ariz. Jan. 16, 2008).  Here, Judge Kobayashi's minor affiliation with the law school over ten years before the Indictment was returned in this case is too attenuated to support recusal.  <u>Moore v. Garnand</u>, 2021 WL 5813984, *3 (D. Ariz. Nov. 29, 2021).  There is no evidence that any of her relatives hold a personal or financial relationship to the University of Hawaii that might reasonably affect Judge Kobayashi's impartiality.  <u>Id.</u>

No reasonable person with knowledge of all the facts in this case would question Judge Kobayashi's impartiality.  <u>Liteky</u>, 510 U.S. at 555.

Defendant's Motion to Recuse (ECF No. 367) is **DENIED on the merits**.

## <u>CONCLUSION</u>

Defendant Marc Hubbard's Motion To Recuse The Honorable Leslie E. Kobayashi (ECF No. 367) is **DENIED.**

IT IS SO ORDERED.

Dated: January 31, 2022, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

<u>United States v. Marc Hubbard</u>, Crim. No. 12-01133 LEK-01; **ORDER DENYING DEFENDANT MARC HUBBARD'S MOTION TO RECUSE THE HONORABLE LESLIE E. KOBAYASHI (ECF No. 367)**